IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF NEW MEXICO


FRANK SANCHEZ,

      Petitioner,

vs.                                          Civ. No. 02-0376 MCA/LCS

JOE WILLIAMS,

      Respondent.


## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Petitioner's Motion for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody Filed April 1, 2002 *(Doc. 1)*, Petitioner's Motion for the Appointment of Counsel Filed April 1, 2002 *(Doc. 3)* and Respondent's Motion to Dismiss Filed May 15, 2002 *(Doc. 13)*. Petitioner did not file a Response to the Motion to Dismiss.

## PROPOSED FINDINGS

1.      Petitioner is currently incarcerated and proceeding pro se and *in forma pauperis.* Petitioner is confined pursuant to the Judge and Sentence Filed July 16, 1998. Answer Ex. A. Petitioner pled guilty[1] to two counts of assault with intent to commit a violent felony, felony criminal sexual contact (personal injury) and misdemeanor aggravated battery. *Id*. Petitioner was

---

[1]      Petitioner made his guilty plea pursuant to *North Carolina v. Alford* (400 U.S. 25, 32, (1970)), thus maintaining his innocence, despite his plea.

1

committed to be imprisoned for a term seven years, to be followed by parole for a term of two years. *Id*.

2.  After sentencing, the Petitioner moved to withdraw his guilty plea. Answer Ex. C, D, I. The district court denied his motion. Answer Ex. J and K. Petitioner thereafter appealed the denial of his motion to withdraw his plea. Answer Ex. L, M, N. The New Mexico Court of Appeals denied Petitioner's request for relief by Memorandum Order in May 1999. Answer Ex. O. Petitioner petitioned the New Mexico Supreme Court for writ of certiorari, which was denied in May 1999, and a mandate finally disposing of the appeal was issued by the New Mexico Court of Appeals in June 1999. Answer Ex. P,Q,R. Petitioner filed a petition for writ of habeas corpus in the New Mexico District Court in March 2000. Answer Ex. S. Petitioner thereafter petitioned the New Mexico Supreme Court for a writ of mandamus because of the lack of ruling from the New Mexico District Court on his state habeas corpus petition. Answer Ex. X and Y. The New Mexico Supreme Court denied his petition for writ of mandamus in November 2001. As of the date of the filing of Respondent's Motion to Dismiss, Petitioner's state habeas corpus petition was still pending in the Thirteenth Judicial District Court of New Mexico.

2.  Petitioner has failed to file a Response to Respondent's Motion to Dismiss. Pursuant to D.N.M.LR-CV. 7.1 (b), which provides that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion," Petitioner's failure to respond constitutes consent to grant the Motion to Dismiss.

3.  Respondent requests that Petitioner's Motion be dismissed, arguing that Petitioner has failed to exhaust his claims in state court. A petitioner's claims pursuant to § 2254 which have not been exhausted in state courts must be dismissed. *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

In order to obtain federal habeas corpus relief, a state prisoner must first exhaust the remedies available in the state courts. *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999)(citing *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994)). A petitioner who fails to exhaust his available state remedies may be barred from seeking habeas relief. *Barnett v. LeMaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Because Petitioner's petition for writ of habeas corpus is still pending before the Thirteenth Judicial District Court of New Mexico, Petitioner has failed to fully exhaust his claims in state court. Accordingly, Petitioner's Motion for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody Filed April 1, 2002 (*Doc. 1*) and Petitioner's Motion for Appointment of Counsel Filed April 1, 2002 (*Doc. 3*) should be **DENIED** and Respondent's Motion to Dismiss Filed May 15, 2002 (*Doc. 13*) should be **GRANTED.**

## RECOMMENDED DISPOSITION

I recommend that Motion to Dismiss Filed May 15, 2002 *(Doc. 13)* be **GRANTED** and that Petitioner's Motion for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody Filed April 1, 2002 *(Doc. 1)* and Petitioner's Motion for the Appointment of Counsel Filed April 1, 2002 *(Doc. 3)* be **DISMISSED WITHOUT PREJUDICE**.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(c). Within ten days after a party is serviced with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(c), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd., NW, Albuquerque, NM 87102. A party must file any objections within the ten-day

period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

　

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**